Docusign Envelope ID: 4B34F528-025E-49C7-856D-30130F5BD86A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made by and among Barry Hobson ("Plaintiff" or "Hobson") and Local 689, Amalgamated Transit Union, AFL-CIO ("Defendant," and collectively with Plaintiff, the "Parties")).

WHEREAS, Plaintiff was formerly employed by Defendant and he has asserted claims pertaining to his past employment in a civil action styled as *Barry Hobson v. Local 689, Amalgamated Transit Union, AFL-CIO*, Civil Action Nos. 23-2405 (Lead Case) and 21-cv-02374-TDC (collectively, the "Civil Action");

WHEREAS, Defendant has denied liability with respect to Plaintiff's claims in the Civil Action; and

WHEREAS, without admission of liability, the Parties desire to settle, fully and finally, all claims asserted in the Civil Action and all matters between them;

NOW THEREFORE, in consideration of the promises and releases contained herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.    <u>Consideration</u>. In consideration of Plaintiff's entry into this Agreement, Defendant shall pay the total gross sum of Three Hundred Fifty Thousand Dollars ($350,000.00) (the "Settlement Amount"), to settle all of Plaintiffs' claims for wages, statutory/liquidated damages, economic and non-economic damages, and attorneys' fees and costs, as well as all disputes and potential disputes which may now exist among them, whether known or unknown, including but not limited to, all unresolved claims relating to the Parties' working relationship. The Settlement Amount shall be paid in accordance with the provisions of Section 2. Plaintiff agrees that he is not entitled to any additional payments, consideration, and/or compensation from Defendant outside of that provided for in this Agreement.

2.    <u>Payments</u>. Within 30 days after the execution of this Agreement or 15 after the entry in the Civil Action of an order by the Court approving this Agreement in accordance with Section 6 (whichever is later), the Defendant shall cause the following payments to be made with respect to the Settlement Amount set forth in Section 1:

    (a) A payment to Defendant in the gross sum of $48,500.00, which payment is allocated as wages in connection with Plaintiff's claims in the Civil Action and which shall be subject to tax withholdings. The payments under this subsection (a) shall be subject to tax withholdings and shall be delivered via either direct deposit or via payroll check, with such check to delivered to Plaintiff's counsel at the address set forth in subsection (c). For tax purposes, the payments under this subsection (a) shall be reported via a Form W-2 to be issued following the close of the current calendar year.

60299\150630\11147986.v4-9/16/24



Docusign Envelope ID: 4B34F328-625E-49C7-836D-30130F5BD86A

(b) A payment to Hobson in the sum of $161,500.00, is allocated as statutory and non-economic damages in connection with Plaintiff's claims. The payment under this subsection (b) shall be made by check, and shall be delivered to Plaintiff's counsel at the address set forth in subsection (c). For tax purposes, the payments under this subsection (b) shall be reported via a Form 1099 to be issued to Barry Hobson following the close of the current calendar year.

(c) A payment to Neil S. Hyman, Plaintiff's legal counsel, in the sum of $140,000.00, which is allocated as attorney's fees and costs. The payment shall be made by check payable to Neil S. Hyman and delivered to the following address: 4520 East West Highway, Suite 700, Bethesda, MD 20814. For tax purposes, this payment shall be reported via a Form 1099 to be issued to the Law Office of Neil S. Hyman, LLC following the close of the current calendar year.

The making of each payment referenced in this Section 2 shall be subject to, and conditioned upon, Defendant's receipt of (i) an IRS Form W-9 completed by Hobson, (ii) an IRS Form W-9 completed by Law Office of Neil S. Hyman, LLC, (iii) an IRS Form W-4 and Maryland Form 507 completed by Hobson. The Parties acknowledge and agree that the allocation and reporting of the payments in this Section 2 were bargained over by the Parties in good faith.

3.    <u>Release by Hobson</u>.

(a)    In consideration for the promises set forth herein, Plaintiff hereby fully and irrevocably RELEASES, forever discharges and waives any and all claims, complaints, causes of action, and demands of whatever kind or nature, in law or in equity, whether known or unknown at the time of his execution of this Agreement, which Plaintiff has ever had or may now have against Defendant, its members, officers, directors, employees, or agents (the "Released Parties") with respect to any matters whatsoever, including but not limited to Hobson's former employment and the compensation associated with that employment. Nothing in this Agreement and the release of claims contained herein, however, shall affect Hobson's right to seek enforcement of Hobson's rights and obligations under this Agreement.

(b)    Hobson acknowledges and agrees that the covenants and releases, as set forth in this Section 3 of this Agreement, include a release and waiver of any and all claims, rights, or remedies which Hobson had, or may now have, against any of the Released Parties, under common law or in equity, as well as under any federal, state, or local statute, law, rule, or regulation, including, but not limited to, claims for breach of contract, promissory estoppel, harassment, retaliation, any kind of tortious conduct or any promises or agreements, any claims for defamation, invasion of privacy or false light, any claims for misrepresentation or fraud, or claims for paid leave, or any claim to pay any part of remuneration or compensation due or claimed

60299\150630\11147986.v4-9/16/24

Docusign Envelope ID: 4B34F528-025E-49C7-856D-5D130F5BD86A

due, any claims under the Fair Labor Standards Act, the Maryland Wage and Hour Law, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Maryland Wage Payment and Collection Law, the Maryland Fair Employment Practices Act, Title 20 of the State Government Article of the Annotated Code of Maryland, all as amended, and any and all other statutes, laws, rules, or regulations. This release does not encompass claims which cannot be waived under applicable law, such as claims for unemployment benefits or for workers' compensation benefits, but is intended to be as broad as the law allows.

(c)    Hobson acknowledges and agrees that the payments to be made under this Agreement are inclusive of any wages due or claimed to be due by Hobson in connection with his past services to Defendants. Hobson further acknowledges and agrees that upon payment of the amounts to be paid under this Agreement, Hobson will have received all wages due to him in connection with his former employment.

5.    <u>Release by Defendant</u>

In consideration for the promises set forth herein, Defendant hereby fully and irrevocably RELEASES, forever discharges, and waives any and all claims, complaints, causes of action, and demands of whatever kind or nature, in law or in equity, whether known or unknown at the time of the execution of this Agreement, which Defendant has ever had or may now have against Plaintiff, his agents, or anyone working on his behalf, with respect to any matters whatsoever, including but not limited to Hobson's former employment and the compensation associated with that employment. Nothing in this Agreement and the release of claims contained herein, however, shall affect Defendant's right to seek enforcement of its rights and obligations under this Agreement.

6.    <u>Age Discrimination in Employment Act</u>.

(a)    Hobson acknowledges that this Agreement contains a waiver of rights under the Age Discrimination in Employment Act ("ADEA") in connection with his former employment, and that he has been given the opportunity of at least twenty-one (21) days to consider the terms of this Agreement, including this waiver, and he agrees that if he executes this Agreement before expiration of the full twenty-one (21) day period, he does so voluntarily. Hobson also acknowledges that he have been advised to consult with (and has consulted with) an attorney before signing this Agreement, that the release of claims set forth herein is limited to claims arising on or before the date of execution of this Agreement, and that he has entered into this Agreement voluntarily and of his own free will.

(b)    Hobson acknowledges and understands that he has seven (7) days from the date that he executes this Agreement to revoke the Agreement by providing written notice to the Defendant. This Agreement and the rights and obligations of the Parties and the covenants, releases, and waivers contained herein are not effective or enforceable until the expiration of the revocation period. In the event of such revocation, this Agreement shall become null and void,

60299\150630\11147986.v4-9/16/24

Docusign Envelope ID: 4B34F528-525E-49C7-836D-30130F5BD86A

and no party hereto shall have any rights or obligations hereunder. To be effective, any revocation must be received by Defendant in writing by the end of the seven (7) day revocation period, at the following address: Local 689, Amalgamated Transit Union, AFL-CIO, Attn: Raymond Jackson, 2701 Whitney Pl, District Heights, MD 20747, with a copy by email to George Ritchie, counsel to Defendant, at gritchie@gfrlaw.com.

      7.    <u>Approval by Court; Dismissal of the Civil Action.</u>

      (a)    Upon full execution of this Agreement, the Parties shall file a Joint Motion to Approve the Settlement Agreement (the "Motion"). The Motion shall attach a copy of this Agreement and shall request that the Court approve this Agreement and dismiss this case with prejudice. The Parties agree that this Agreement is contingent upon the U.S. District Court for the District of Maryland's approval of all the material terms of the Agreement and the granting of the Motion. The Parties further agree that should the U.S. District Court for the District of Maryland not approve all the material terms of this Agreement, the Agreement will be null and void and no legal effect. Upon the Court's approval of this Agreement, no party shall have the right to appeal any decision, order, or judgment entered in the Civil Action. The parties agree that they will cooperate fully and take any steps necessary in seeking the Court's approval of this Agreement and the dismissal with prejudice of the Civil Action.

      (b)    Notwithstanding anything to the contrary in this Agreement, nothing in this Agreement shall preclude or interfere with Plaintiffs' right to participate in any investigations or proceedings by, or the right to file any charge with, the United States Equal Employment Opportunity Commission ("EEOC") or any federal, state, or local government agency; however, Plaintiff acknowledges and agrees that he hereby waives any and all rights he may have to any personal recovery or individual relief (whether monetary or otherwise) in connection with any claim or charge arising out of any acts or events occurring prior to the date on which he executes this Agreement, and that the consideration provided for in this Agreement is complete and sufficient consideration for any such claims.

      7.    <u>Non-Admission.</u> Neither the fact that the Defendant has made an offer of payment or that this Agreement has been entered into, nor any provision of this Agreement, shall be construed as an admission of wrongdoing of any kind by any Party to this Agreement.

      8.    <u>Non-Disparagement.</u> Hobson agrees that he will not directly or indirectly, publicly or to any third party, criticize, demean, malign, or otherwise comment disparagingly or negatively about Defendant nor shall he directly or indirectly, publish or authorize the release or disclosure of any information or statements that would criticize, demean, malign, or disparage Defendant or otherwise portray Defendant in a bad light. Defendant shall instruct its officers not to directly or indirectly, publicly or to any third party, criticize, demean, malign, or otherwise comment disparagingly or negatively about Hobson nor directly or indirectly, publish or authorize the release or disclosure of any information or statements that would criticize, demean, malign, or disparage Hobson or otherwise portray Hobson in a bad light. The prohibition against the

60299\150630\11147986.v4-9/16/24

Docusign Envelope ID: 4B34F528-025E-49C7-856D-30130F5BD86A

publication of any negative or disparaging information shall include all social media platforms and websites. This provision is not intended to nor shall it be construed as limited to the Parties' ability to testify truthfully pursuant to lawful subpoena or other court process. Hobson further agrees that he will not use the fact or amount of the consideration in this Agreement to disparage Defendant. Defendant shall further instruct its officers no to use the fact or amount of consideration in this Agreement to disparage Hobson. Nothing in this agreement in intended to create personal liability on behalf of the officers of Defendant.

9.    Acknowledgement of Legal Representation.    Hobson affirms that he has been represented by counsel in the negotiation and execution of this Agreement, and that he has reviewed the terms and provisions of this Agreement with his counsel.

10.    No Tax Advice Provided.    Hobson acknowledges that the Defendant has not provided any advice or made any representations with regard to the tax consequences of the amounts to be paid hereunder, and that Hobson is responsible for payment of all taxes due on such amounts.

11.    No Pending Claims.    Hobson represents and warrants that, other than the Civil Action, Hobson does not presently have on file any claim, charge, grievance, or complaint against the Defendant or any Released Party in or with any administrative, state, federal, or governmental entity, agency, board, or court or before any other tribunal, panel, or arbitrators, public or private, based upon any actions or omissions by the Defendant or any Released Party occurring prior to execution of this Agreement.

12.    General Terms.

(a)    This Agreement shall be construed in accordance with the laws of the State of Maryland, exclusive of its conflicts of laws provisions.

(b)    This Agreement sets forth the entire understanding of the Parties with regard to the subject matter hereof.  Changes in this Agreement, whether by additions, waivers, deletions, amendments, or modifications, may only be accomplished by a writing signed by all Parties.

(c)    The section headings contained in this Agreement are for the convenience of the Parties only, and shall not be deemed to limit the effect of any provisions hereof.

(d)    This Agreement shall inure to the benefit of, and be binding upon, the Parties hereto.

(e)    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, including any signed electronic copies of this Agreement, and all such counterparts together shall be deemed to constitute one and the same instrument.

Docusign Envelope ID: 4B34F528-025E-49C7-856D-30130F5BD86A

IN SIGNING THIS AGREEMENT, THE PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT, HAVE BEEN PROVIDED A REASONABLE TIME PERIOD TO CONSIDER ITS TERMS, AND HAVE HAD THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING.

WHEREFORE, the Parties hereto, having read and understood all of the foregoing, agree to all of the provisions contained herein.

BARRY HOBSON

Barry Hobson

Date: 9/16/2024 _____

LOCAL 689, AMALGAMATED TRANSIT UNION, AFL-CIO

_____        Date: _____

By: _____

60299\150630\11147986.v4-9/16/24

IN SIGNING THIS AGREEMENT, THE PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT, HAVE BEEN PROVIDED A REASONABLE TIME PERIOD TO CONSIDER ITS TERMS, AND HAVE HAD THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING.

WHEREFORE, the Parties hereto, having read and understood all of the foregoing, agree to all of the provisions contained herein.

BARRY HOBSON

_____          Date: _____

LOCAL 689, AMALGAMATED TRANSIT UNION, AFL-CIO

*Raymond N Jackson*          Date: 9/17/24
By: *Raymond N Jackson*

60299\150630\11147986.v4-9/16/24